BENJAMIN B. WAGNER
United States Attorney
TODD A. PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700 (telephone)
(916) 554-2900 (facsimile)

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 2:11-CR-00172 MCE |
| | ) |
| Plaintiff, | ) **AMENDED** ORDER RE: RESTITUTION |
| | ) |
| v. | ) |
| | ) |
| ROYCE NEWCOMB, | ) |
| | ) |
| Defendant. | ) |
| | ) |

On July 12, 2012, this matter came before the Court for a hearing regarding the restitution recommended by the United States Probation Office.  Defendant was represented by Matthew W. Flemming, Esq., and the United States was represented by Assistant United States Attorney Todd Pickles.  Having heard the arguments of the parties, and considered the papers filed, including the Probation Office's Restitution Report dated December 8, 2011, the Court hereby orders restitution in the amount of **$1,979,030**.

///

///

///

1

**BACKGROUND**

On May 12, 2011, Defendant pled guilty to Count Three of the Indictment charging him with wire fraud in violation of Title 18, United States Code § 1343, relating to a real estate investment Ponzi scheme.  Pursuant to his plea agreement, Defendant agreed to pay restitution in the amount to be determined by the Court with respect to his Ponzi scheme as well as a separate bankruptcy scheme.

On October 3, 2011, the Court sentenced Defendant to seventy months imprisonment and thirty-six months supervised release, and ordered Defendant to pay restitution in an amount to be determined by the Court at a later date after considering any recommendation by the assigned Probation Officer.  In a Restitution Determination memorandum ("Restitution Report") dated December 8, 2011, the assigned Probation Officer recommended total restitution in the amount of $2,552,140. The Restitution Report identifies the victims of the Ponzi scheme and the bankruptcy scheme, and the amounts of loss for each.  Defendant does not object to the restitution to be awarded to 29 of his victims as set forth in the Restitution Report.  As for an additional 10 victims, he objects to part or all of the restitution recommended in the Restitution Report.

**STANDARD**

The Mandatory Victims Restitution Act ("MVRA") requires mandatory restitution to any person "directly and proximately harmed as a result of the commission" a crime against property, including wire fraud of which Defendant pled guilty.

2

See 18 U.S.C. §§ 3663A(a)(2); 3663A(c)(1)(A)(ii).  Because of "the remedial purposes underlying the MVRA," "district courts [have] a degree of flexibility in accounting for a victim's complete losses." United States v. Waknine, 543 F.3d 546, 557 (9th Cir. 2008) (citations omitted).  When objections are made, the MVRA "minimally requires that facts be established by a preponderance of the evidence, and the district court [may] utilize only evidence that possesses sufficient indicia of reliability to support its probable accuracy."  Id. (citations and internal quotations omitted).

**ANALYSIS**

    The United States provided to the Probation Office the discovery in this case, including bank records demonstrating money paid by numerous victims into the Contour Services bank account maintained by Defendant and his co-schemer Winnett as part of their Ponzi scheme.  Additionally, the United States Trustee's Office provided information to the Probation Office with respect to Defendant's bankruptcy fraud scheme, by which he charged individuals facing foreclosure varying amounts of money to 'save' their homes by filing fraudulent bankruptcy petitions.  Finally, numerous victims have supplied affidavits identifying the specific amount of their losses and have summarized the losses with an explanation as to its cause.  Each of the victim impact statements is signed under penalty of perjury.

    In response, Defendant states in his papers that he does not "recall" owing various amounts to certain individuals who have submitted witness affidavits.  However, he has submitted no admissible evidence supporting these denials.

1  Additionally, although Defendant points to a spreadsheet prepared by
2  the Secret Service detailing money paid into the Contour Services
3  bank account, he has presented no evidence that all money paid to
4  Defendant as part of the Ponzi scheme was paid into that bank
5  account.  Therefore, the bank account does not establish the total
6  amount of victim losses sustained and, thus, does not rebut the
7  victim affidavits identifying the losses they sustained.
8       It is well established that a restitution award may be based on
9  victim impact statements or victim affidavits.  See, e.g., United
10 States v. Doe, 488 F.3d 1154, 1157-62 (9th Cir. 2007) (affirming in
11 part restitution award based on amounts in victim impact statements
12 in PSR); United States v. Lindholm, 24 F.3d 1078, 1086 (9th Cir.
13 1994) (affirming restitution award based on amounts provided in
14 victim impact statements); see also Waknine, 543 F.3d at 557 ("victim
15 affidavits will generally provide sufficient, reliable evidence to
16 support a restitution order").  Defendant has failed to present any
17 admissible evidence refuting the victim impact statements.
18 Accordingly, the Court finds that the victim impact statements
19 establish, by a preponderance of the evidence, along with the
20 Probation Officer's Restitution Report, the amount of losses
21 sustained by Defendant's victims.  Therefore, the Court awards
22 restitution as follows: Carl. D. $40,000; Michael H., $50,000; Jerry
23 F., $92,000; Ali F., $72,633; Thomas W., $874,125; Kevin W.,
24 $559,632; and Darlene W., $4,800.
25      With respect to victim Dennis R., despite is submission of a
26 victim impact statement identifying $370,000 in losses, he failed to
27 provide any summary of his losses.  Nor did Dennis R. explain how is
28 losses were directly attributable to Defendant's fraud.

1  Based on those deficiencies, the United States has conceded there is
2  insufficient evidence at this time to support the claimed restitution
3  in the amount of $370,000 to Dennis R.
4       With respect to victim Richard J., the United States has
5  proffered that the amount of his restitution was based on an
6  interview by the Probation Officer with the victim in which he
7  reported that he sustained a loss in the amount $30,000.  Defendant
8  has identified no evidence challenging this amount.  The bank records
9  show Richard J. was paid $4,000 out of the bank account used by
10 Defendant and his co-schemer Barry Winnett.  Because Richard J. did
11 not indicate in the interview with the Probation Office that the loss
12 amount he reported to the Probation Office already incorporated the
13 $4,000 paid to him by Defendant and/or Winnett, the total restitution
14 awarded to Richard J. is in the amount of $26,000.
15      Finally, the Probation Office has recommended restitution to
16 Wendy S. in the amount of $15,020.  For his part, Defendant admits in
17 his objections that, as part of the bankruptcy fraud scheme, he took
18 Wendy S.'s wedding ring in lieu of payment for his fraudulent
19 services.  Defendant then pawned Wendy S.'s wedding ring, receiving
20 $5,000 from the pawn shot.  The United States has proffered that it
21 was this amount from the pawn shop that formed the basis for the
22 statement in the factual basis of the plea agreement, and reported in
23 the PSR, that the ring was valued at $5,000.  The Court does not read
24 the factual basis to establish that the ring's market value was
25 $5,000.  The United States has proffered that the figure of $15,020 in
26 the Probation Office's recommendation is based on documents provided
27 by the United States Trustee's Office that had been submitted with the
28 bankruptcy court showing the value of the ring.

The Court finds that this is a more accurate determination of the ring's market value than the amount paid by the pawn shop. Defendant has failed to identify any evidence refuting this evidence. Accordingly, the Court finds by a preponderance of the evidence that Wendy S. sustained a loss in the amount of $15,020, and awards that amount in restitution.

Therefore, the Court finds that, by a preponderance of the evidence as established by the victim affidavits, bank records and other evidence provided to the Probation Office, that restitution is awarded to the following victims in the following amounts:

| | |
|---|---|
| Carl D. | $40,000 |
| Michael H. | $50,000 |
| Jerry F. | $80,000 |
| Dennis R. | None presently |
| Ali F. | $145,000 |
| Thomas W. | $875,000 |
| Kevin W. | $697,500 |
| Richard J. | $30,000 |
| Darlene W. | $4,800 |
| Wendy S. | $15,020 |

The Court further awards restitution to the twenty-nine other victims in the amounts recommended by Probation Office as set forth in the Restitution Report (which totals $244,820) and to which Defendant has not objected.

///

///

///

1    Accordingly, IT IS HEREBY ORDERED THAT the Defendant Royce
2 Newcomb is to pay restitution in the total amount of **$1,979,030** to the
3 victims identified in the Restitution Report and as set forth above.
4 Consistent with this Court's Order of April 26, 2012 in
5 United States v. Winnett, 2:10-cr-00495 MCE, that amount is to be
6 paid jointly and severally with Barry Winnett since those monies are
7 associated with their Ponzi scheme.
8    IT IS SO ORDERED.

DATED: March 13, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE